THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. MALONEY, Appellant, v. MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.— Review under article 78 of the Civil Practice Act and sections 199 and 375 of the Tax Law of a final determination of the State Tax Commission which affirmed an assessment of additional income taxes under article 16 of the Tax Law against the petitioner for the calendar year 1931. The question is whether certain losses claimed as deductions by the taxpayer in his income tax return for the calendar year 1931 were properly shown to have occurred in 1931. These losses were based upon two parcels of real estate which petitioner had purchased in 1924 and 1926 respectively. The first was an apartment. In 1929 a foreclosure action was started against petitioner on a fourth mortgage and as a result the rents were then assigned to this mortgagee. Petitioner was adjudicated a bankrupt on February 27, 1931. In October, 1931, the second mortgagee was granted permission to foreclose and a judgment of foreclosure and sale was entered on December 22, 1931. The sale took place on January 15, 1932, and as a result there was a substantial deficiency. The petitioner's loss on this property was conceded by the Tax Commission, but it held that a loss was sustained in 1932 instead of 1931. The other parcel was used by petitioner as a residence. Nevertheless he placed it with real estate agents for sale shortly after acquiring it and it is clear he was speculating on the property and hoping to sell it at a profit. When he was adjudicated bankrupt petitioner's interest passed to his trustee in bankruptcy. A foreclosure was instituted in 1932 and the trustee in bankruptcy practically abandoned the property as an asset of the bankrupt's estate. The property was finally sold under foreclosure and a deficiency resulted. When the taxpayer purchased the property and as long as he kept it he was actually engaged in business as a real estate operator and was so recognized. Determination annulled, on the law and facts, with fifty dollars costs and disbursements. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.